## Thomas H. Fulton and others, *vs.* John A. Nicholson and others.

Where mortgaged real estate of a deceased party is sold under a decree in equity, the taxes due the State are, by virtue of the 6th and 7th sections of the act of 1843, ch. 208, to be first paid out of the proceeds of sale.

But when this is done, the mortgagee, or party entitled to the fund, will be substituted to the rights of the State or county and entitled to a preference, according to his proper priority in the administration of the deceased's personal estate.

County taxes duly levied are a lien upon real estate under the act of 1797, ch. 90.

Appeal from the Superior Court of Baltimore city.

The record in this case shows, that a decree was passed by Baltimore county court, sitting in equity, for the sale of certain mortgaged *real estate,* which had been mortgaged by Thomas H. Fulton and wife by deed of mortgage, dated the 19th of June 1847. The property was sold, and, by the auditor's report, dated the 2nd of July 1852, the trustee was allowed the sum of $386.92 on account of taxes due on the property so sold. A party interested excepted to this allowance, because said Fulton died on the 12th of January 1851, and personal estate sufficient to pay funeral expenses and said taxes had come to the hands of his administrator and now remain in his hands unadministered; and by the 11th section of the act of

1843, ch. 208, these assets ought to be applied to the payment of said taxes.

At the hearing of this exception it was admitted, that the facts above stated are true, and that said taxes, as claimed by the late sheriff and collector, were duly levied and are unpaid, as set forth in the tax bills filed. He claims the allowance by virtue of the 6th and 7th sections of the act of 1843, ch. 208, and the several provisions of the laws in regard to taxes. It was also admitted, that the proceeds of the sale of the mortgaged property were insufficient to pay the mortgage debt.

The court, (FRICK, J.,) overruled the objections to this allowance and ratified the auditor's report. From this decision the exceptant appealed.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*Grafton L. Dulany* for the appellant, argued:—

1st. That the 6th and 7th sections of the act of 1843, ch. 208, do not apply to the case, as that law was only designated to give a lien to the State upon real property *due to it*, and the taxes in question, or at least the largest portion of them, were not due to the State, but were levied for local purposes.

2nd. That the personal property should be first exhausted before resort can be had to the sale of the land or the proceeds of the sale of the land. *2 G. & J.,* 376, *Mayor and City Council vs. Chase.*

3rd. That the 11th section of said act gives preference to the payment of all taxes out of the personal estate of the deceased in the hands of his administrator over all other claims against such estate, except funeral expenses; and that under the facts disclosed in this record, equity will compel the State to seek payment for taxes in arrear from the administrator, rather than out of the proceeds of the land sold; and even if it has a lien upon such proceeds, as they were insufficient to pay the mortgage debt, the State will still be forced to seek payment out of the personal assets, upon the principle, that where a party has two securities, he will be compelled to exhaust first that

one which is free from any other charge, rather than avail himself of the benefit of the other, which is also subject to the lien of a third party.

*Edwin H. Docwra* for the appellees, argued:—

1st. That under the act of 1843, ch. 208, sec. 6, no doubt can arise that the taxes are a lien upon the real estate.

2nd. That under the 7th section, whenever any sale is made by a trustee, it "*is the duty*" of the trustee *to pay out of the proceeds of sale, "all sums due and in arrear for taxes from the party whose property is so sold."* This section makes it imperative upon the trustee to pay the taxes; if he fails to do so, the *property* itself is liable and bound for them; therefore, when the trustee performs his duty by obeying the law, of course the auditor must allow him the amount of the taxes due, which allowance the court, as a matter of course, will ratify.

3rd. In reference to the 11th section, we hold that it does not apply to the case; if it did, the State would be delayed in the collection of its revenue, to prevent which delay this act was passed. If the act contemplated that the tax collector should be compelled to look to the administrator of a deceased person's estate for payment of taxes, and in default of his paying, force the collector to put his bond in suit, what meaning can be drawn from the preceding sections 6 and 7? they would be a nullity.

4th. Section 11 was passed, evidently, to meet cases where chattels had been or might be sold by the administrator, or removed from the premises before the payment of taxes due thereon, in either of which cases, the collector of the tax would not be able to levy on the sold or removed property, by way of distress, for the collection of the public revenue. Therefore, in such cases, the State might sustain the loss of its taxes; and it was to obviate this, and protect the public treasury, that the 11th section of this act was evidently embodied therein, whereby the administrator's bond is liable for such taxes as may be due upon chattel property. But where any estate is sold by a trustee, the trustee is bound to, and must, pay the taxes out of the proceeds of sale, under the 7th section of this act, whether

the estate sold be *"real or personal property."* We do not see any inconsistency in the several sections referred to; they were embodied to meet different cases, and when applied to their respective places, will be found to fill the wants which the legislature doubtless intended to provide for.

LE GRAND, C. J., delivered the opinion of this court.

We are of opinion that the taxes due the State are to be first paid out of the fund, because of the 6th and 7th sections of the act of 1843, chapter 208; and we are also of opinion, that the taxes due to Baltimore county are also a lien, under the act of 1797, chapter 90, it being admitted that they were "duly levied." We affirm the order so far as it allows these taxes out of the fund in this proceeding, but add thereto the declaration, that in our judgment the mortgagee will be entitled to a preference, according to his proper priority in the administration of the personal estate. We regard him as substituted to the rights of the State and county. *Bank of United States vs. Peter and others*, 13 *Peters*, 123.

But for the 7th section of the act of 1843, we should say these taxes were payable first out of the personal estate. Judgments, although binding real estate, are given a preference over other claims against the personal assets, and we think the same principle applies to taxes. They have always been allowed as preferred claims against the personalty. But by the 7th section, it is made the duty of the trustee to pay the taxes out of the proceeds. When this is done, the party entitled to the fund may be substituted in place of the collector or other party, to whom the taxes may be paid.

*Order affirmed*